THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. PORFIRIO COLÓN APONTE, Defendant and Appellant.

No. 10346. Argued March 17, 1944.—Decided March 31, 1944.

Juan B. Soto for appellant. R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

Mr. Justice Snyder delivered the opinion of the court.

This is an appeal from a judgment of the district court sentencing the defendant to, ten years' imprisonment after he had been convicted by a jury of murder in the second degree. Three days before the appeal was scheduled to be argued, the *fiscal* filed a motion in this court to correct the record which was before us.

One of the errors alleged on appeal was that the district court erred in charging the jury that the presumption of innocence must be clearly proved. If such a charge was actually given to the jury, it was obviously erroneous and substantially prejudicial to the defendant. The *fiscal* conceded at the argument that such a charge would require us to reverse the judgment of conviction. And the record before us clearly sets out such a charge. The instruction in question reads as follows:

"In criminal cases the law presumes that the defendant is innocent until the contrary is proved in a satisfactory manner by competent evidence, and it is a rule of law that his guilt must be clearly established. *This presumption of innocence must be clearly established* and always accompanies the defendant until the trial and continues to exist in favor of the defendant until the very moment the verdict is rendered, which means that the jury must take it into consideration not only during its deliberations but also at every stage of the case until a verdict is reached." (Italics ours).

But the *fiscal* asserts that the record does not reflect what actually took place. His motion is that we correct the record to show that the instruction in question was actually given in the following form:

"In criminal cases the law presumes that the defendant is innocent until the. contrary is proved in a satisfactory manner by competent evidence; and it is a rule of law that his guilt must be established completely. This presumption of innocence assists the accused during the trial and the jury must also have it in mind during its deliberations."

The latter instruction is, of course, a correct statement of the law.

In support of his motion, the *fiscal* offered a certificate of the acting judge who conducted the trial that he gave the instruction as now corrected and that "said instruction was taken by me word for word from the book of instructions that I have in my possession and which I usually use in my instructions to the jury. That when I certified the instructions to the jury for the record on appeal, I overlooked the error therein. I did not become aware of this error until I learned that an instruction different from the one given by me served as the basis for an assignment of error by the defendant-appellant in his brief."

The *fiscal* also offered two affidavits. One was executed by counsel who conducted the defense but who is not counsel for the defendant on appeal. His affidavit recites that he does not remember that the district court gave the instruction assigned as erroneous and "That if said phrases had been spoken and had been heard by me, I would have objected to them at the proper time because, in my judgment, they would have contained within them a violation of the law."

The *fiscal* also offered in support of his motion an affidavit of Pedro R. Arroyo, who served as court reporter at the trial of this case. His affidavit reads in part as follows:

"That during said trial I took down the instructions to the jury in that case given by the Hon. Jesús A. González, performing the duties of Acting District Judge. That it is the custom of the stenographers to report stenographically the first phrases of the instructions of those paragraphs which the judge reads rapidly, and which are 'general instructions'. These appear in the book of instructions of the judges, of which we stenographers have a copy. In this case, while Judge González was delivering the instructions, I recorded stenographically the following phrase of the general instruction, which appears in my notebook and which reads as follows: 'In criminal

cases the law presumes, etc. . . . ' .copying the rest of the paragraph from the general instructions model that I have in my possession and which reads thus: 'In criminal cases the law presumes that the defendant is innocent until the contrary is proved in a satisfactory manner by competent evidence, and it is a rule of law that his guilt must be clearly established. This presumption of innocence always assists the accused during the trial and continues to exist in his favor until the very moment when the verdict is rendered, for which reason the jury must have it in mind not only during its deliberations, but also at all times until a verdict is actually reached.'

"That when copying the rest of the paragraph in question, by an involuntary error, I skipped from the line which I was copying to directly above the preceding one, wherein the phrase *'must be clearly established'* appears, making the sentence read thus: 'This presumption of innocence must be clearly established and', when in reality it should be and thus appears in the correct instructions: 'This presumption of innocence always assists the accused, etc. etc.'

"That this clerical error by me can be seen graphically from the model of instructions and from my stenographic notes."

The "book of instructions of the judges" and the stenographic notes of Arroyo were also offered in support of the *fiscal's* motion.

The evidence offered in support of the *fiscal's* motion is highly plausible. The proposition of law involved is elementary, and it was correctly stated by the district judge in the first sentence of the charge being assailed. It is therefore difficult to believe that he would have said exactly the opposite in his second sentence, as the record indicates. Also, it is very significant that counsel for the defendant did not object to the charge at the trial.

Nevertheless, we shall overrule the motion, and we shall on our own action reverse the judgment in this case. We take this action because the exhibits offered in support of the motion reveal that the defendant was deprived of a fundamental right—the right that the instructions of the court to the jury be taken stenographically (Comp. Rev. Stat. of P. R., 1941 ed., p. 816). We therefore refuse to inquire into

whether or not in this particular case the acting judge correctly instructed the jury on the law. We hold that unless the court reporter takes the charge stenographically, a judgment of conviction cannot stand.

To hold otherwise would be to open the door to untold abuses. A court reporter has no right to assume that a district judge will give an instruction, whether "general" or otherwise, in exactly the same form as that customarily used. Indeed, each case has its own peculiar facts, and it is the duty of the district judge to fit his instructions to the particular case being tried. Nor does it exculpate the stenographer to swear that the judge was "reading very rapidly". If the district judge is speaking too rapidly, the stenographer can respectfully request the court to speak more slowly. It might be added that if a judge is speaking too rapidly for a stenographer who is really qualified to perform the duties of his office, it is highly doubtful that a jury of laymen will grasp the meaning of the instructions.

■ We take this opportunity to censure the practice revealed in this case. The district judge, not the stenographer, controls the conduct of a case. A stenographer has no right to exercise his judgment as to which instructions shall be taken stenographically. His duty is clear. In this case he flagrantly violated it. The result is delay in disposing of an important criminal case and considerable unnecessary expense for The People of Puerto Rico. Court reporters who fail to do their duty in this and in other respects should be dealt with severely.

■ This case presents graphically the dire consequences flowing from such a dereliction of duty. No right is more fundamental under our institutions than the presumption of innocence in a criminal case. Yet this court does not have before it a proper transcript of the instruction of the district court on that question because the court reporter failed to take stenographic notes of that instruction.

If a district judge is reading instructions to a jury, we see no objection to a practice whereby the stenographer has before him a copy thereof and makes thereon the necessary stenographic notes whenever the judge varies the written instructions. But the affidavit of the stenographer in this case does not state that he took this precaution. On the contrary, as we read his affidavit, he simply assumed that the district judge would not depart from the text of a book of instructions "of which the stenographer have a copy". We are not to be understood as closing the door to the correction of the record in appropriate cases to make the record on appeal reflect what actually took place in the trial court. But that can be done, at least in criminal cases, when the testimony and instructions are involved, only when the stenographer complied with his statutory duty of taking stenographic notes of the episode under consideration.

The appeal herein has also been submitted on the merits. The defendant contends that the testimony was not sufficient to establish murder in the second degree and asks us to enter a judgment acquitting the defendant. We are unable to take this action, as the testimony introduced by the government, if believed by the jury, justified the verdict herein.

The judgment will be reversed and the case remanded to the district court for a new trial.